# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15860** |
| **SANDY MCCAIN, WARDEN** | **SECTION "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner Gerald Stewart's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 4.

[3] Rec. Doc. 13.

[4] Rec. Doc. 14.

## I. Background

*A.  Factual Background*

On July 13, 2011, Petitioner was charged by Bill of Information in Orleans Parish Criminal District Court with one count of possession of heroin.[5] Petitioner waived his right to a jury trial, and on May 25, 2012, the trial court found him guilty of attempted possession of heroin.[6] On June 15, 2012, the trial court sentenced Petitioner to five years imprisonment.[7] On October 15, 2012, the trial court found Petitioner to be a multiple felony offender and resentenced him to 11 years imprisonment.[8]

On January 22, 2014, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[9] On September 12, 2014, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[10]

On May 18, 2015, Petitioner filed an application for post-conviction relief with the state trial court.[11] The trial court denied the application on May 22, 2015.[12] The Louisiana Fifth Circuit denied Petitioner's related writ application on July 28, 2015,[13] and the Louisiana Supreme Court also denied relief on September 6, 2015.[14]

---

[5] State Rec., Vol. I of IV, Bill of Information, Jul. 13, 2011.

[6] State Rec., Vol. I of IV, Minute Entry, May 25, 2012.

[7] State Rec., Vol. I of IV, Minute Entry, Jun. 15, 2012.

[8] State Rec., Vol. I of IV, Minute Entry, Oct. 15, 2012.

[9] *State v. Stewart*, 2013-KA-779 (La. App. 4 Cir. 1/22/14); 133 So. 3d 166.

[10] *State v. Stewart*, 2014-KO-296, 2014-KO-0300 (La. 9/12/14); 147 So. 3d 704.

[11] State Rec., Vol. IV of IV, Application for Post-Conviction Relief, May 18, 2015.

[12] State Rec., Vol. IV of IV, Order Denying Application for Post-Conviction Relief, May 22, 2015.

[13] *State v. Stewart*, 2015-K-752 (La. App. 4 Cir. 7/28/15); State Rec. Vol. IV of IV.

[14] *State ex rel. Stewart v. State*, 2015-KH-1520 (La. 9/6/15); 198 So. 3d 1171.

On October 20, 2016, Petitioner filed the instant federal habeas petition.[15] Petitioner raises the following grounds for relief: (1) Petitioner did not validly waive his right to a jury trial and (2) Petitioner received ineffective assistance of counsel at trial and during sentencing.[16] The State filed a response, arguing that the jury-waiver claim is unexhausted and procedurally defaulted, and also that the claims should be denied on the merits.[17]

## B. *Report and Recommendation Findings*

In the Report and Recommendation, the Magistrate Judge recommended that this Court dismiss the petition with prejudice.[18] First, the Magistrate Judge addressed Petitioner's claim that the jury waiver was invalid.[19] The Magistrate Judge rejected the State's argument that the claim was not exhausted, finding that Petitioner had presented the claim to the Louisiana state courts, including the Louisiana Supreme Court.[20] Therefore, the Magistrate Judge addressed the claim on the merits.[21] Specifically, the Magistrate Judge noted that the trial court advised Petitioner of his right to trial by jury and Petitioner elected to have a trial by judge.[22] Furthermore, the Magistrate Judge found that Petitioner's vague and conclusory assertions—offered without any factual support—did not satisfy his burden of establishing that the jury-trial waiver was invalid.[23]

---

[15] Rec. Docs. 1, 4.

[16] *Id.*

[17] Rec. Doc. 12.

[18] Rec. Doc. 13.

[19] *Id.* at 8–12.

[20] *Id.* at 9–11.

[21] *Id.* at 11.

[22] *Id.* at 11–12 (citing State Rec., Vol. I of IV, Minute Entry, May 25, 2012; State Rec., Vol. I of IV, Docket Entries, Sept. 28, 2011, Feb. 15, 2012, May 25, 2012).

[23] *Id.* at 12.

Accordingly, the Magistrate Judge concluded that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.[24]

Second, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective for stipulating to evidence, not calling witnesses during trial, and failing to challenge the multiple offender bill during the multiple offender proceedings.[25] The Magistrate Judge rejected Petitioner's claim that his counsel was ineffective for stipulating that an expert criminalist would testify that the evidence seized tested positive for heroin.[26] The Magistrate Judge noted that the stipulation did not adversely impact the defense of the case because the fact that the substance was contraband played into the defense theory that the heroin belonged to another individual.[27] Therefore, the Magistrate Judge found that Petitioner had failed to show that it was unsound trial strategy on the part of trial counsel to enter into the stipulation or that doing so had any impact on the outcome of the proceedings.[28]

To the extent that Petitioner argued that his counsel should have called a *res gestae* witness, the Magistrate Judge found this argument unavailing because Petitioner failed to show how the testimony would have benefited the defense.[29] Finally, the Magistrate Judge found Petitioner's argument that defense counsel should have challenged the multiple offender bill without merit because counsel negotiated a favorable plea agreement to the multiple offender bill.[30] To the extent

---

[24] *Id.*

[25] *Id.* at 13–20.

[26] *Id.* at 15.

[27] *Id.*

[28] *Id.* at 17.

[29] *Id.* at 18.

[30] *Id.* at 19.

Petitioner argued that defense counsel should have challenged the multiple offender bill because it listed a prior theft offense as a felony when in fact it was a misdemeanor, the Magistrate Judge found that no prejudice resulted from this error because the State could have simply issued a new, correct multiple offender bill.[31] Accordingly, the Magistrate Judge concluded that the state courts' denial of relief on the ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, federal law.[32]

## II. Objections

### A.  *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[33] First, Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the claim that his waiver of the right to a jury trial was invalid.[34] Petitioner contends that the record shows that his waiver was "essentially unfair [] and not intelligent and competent."[35]

Second, Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on his ineffective assistance of counsel claim.[36] Petitioner contends that defense counsel acted without his consent by entering the joint stipulation.[37] He asserts that but for this error, the State may not have been able to carry its burden of establishing an element of its case.[38]

---

[31] *Id.*

[32] *Id.* at 20.

[33] Rec. Doc. 14.

[34] *Id.* at 1–2.

[35] *Id.* at 2 (citing *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006)).

[36] *Id.* at 2–7.

[37] *Id.* at 3.

[38] *Id.* at 4.

5

Furthermore, Petitioner argues that his counsel acted ineffectively by failing to call a *res gestae* witness.[39] Finally, Petitioner contends that his counsel acted ineffectively by failing to challenge the multiple offender bill, which listed Petitioner's prior theft conviction as a felony rather than a misdemeanor.[40]

## B.     *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

### A.     *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[41] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[42] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[43]

### B.     *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

---

[39] *Id.*

[40] *Id.* at 5–6.

[41] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[42] Fed. R. Civ. P. 72(b)(3).

[43] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

6

was revised "to ensure that state-court convictions are given effect to the extent possible under law."[44] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[45] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[46]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[47]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[48] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[49]

---

[44] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[45] 28 U.S.C. § 2254(d)(2).

[46] 28 U.S.C. § 2254(d)(1).

[47] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[48] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[49] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

7

## IV. Law and Analysis

*A.  Petitioner's Claim Regarding Waiver of the Right to a Jury Trial*

Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the claim that his waiver of the right to a jury trial was invalid.[50] Petitioner contends that the record shows that his waiver was "essentially unfair [] and not intelligent and competent."[51] Therefore, the Court reviews this issue *de novo*.[52]

Pursuant to the Sixth Amendment of the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." The Supreme Court has long recognized, however, that defendants may waive the right to a trial by jury.[53] In B*rady v. United States*, the Supreme Court held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."[54]

The Fifth Circuit has held that the "decision to proceed with a bench trial without [the defendant's] specific acquiescence . . . runs afoul of the Constitution."[55] Furthermore, the Fifth Circuit has found that there was no knowing and intelligent waiver when "[t]he trial transcript is

---

[50] Rec. Doc. 14 at 1–2.

[51] *Id.* at 2 (citing *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006)).

[52] Fed. R. Civ. P. 72(b)(3).

[53] *Patton v. United States*, 281 U.S. 276, 297–99 (1930), *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78 (1970).

[54] 397 U.S. 742, 748 (1970).

[55] *United States v. Mendez*, 102 F.3d 126, 130 (5th Cir. 1996).

devoid of any discussion between the court and petitioner concerning his express and intelligent waiver of a jury trial.[56]

"It is not clearly established, however, that the lack of a full colloquy invalidates an otherwise voluntary waiver."[57] In *Scott v. Cain*, where the record showed that the defendant was informed of his right to a jury trial but chose to proceed with a bench trial, the Fifth Circuit held that the state court's denial of relief on that issue was not an objectively unreasonable application of federal law.[58] Furthermore, in *Pierre v. Leger*, the Fifth Circuit held that the state court could have reasonably determined that the petitioner authorized her counsel to waive the right to a jury trial on her behalf, where the trial transcript showed that at the time of trial and in the petitioner's presence, defense counsel informed the trial court that he had consulted with the petitioner numerous times about waiving the jury trial, defense counsel indicated that the petitioner had agreed to do so, and the petitioner never objected to the waiver.[59]

In the instant case, the state trial court record shows that the trial court advised Petitioner of his right to a trial by jury and Petitioner elected to proceed with a bench trial.[60] Petitioner presents no factual support for his assertion that his waiver was "essentially unfair [] and not intelligent and competent." Petitioner's vague and conclusory assertions do not satisfy his burden

---

[56] *Landry v. Hoepfner*, 818 F.2d 1169, 1178 (5th Cir. 1987), *rev'd on other grounds by* 840 F.2d 1201 (5th Cir. 1988).

[57] *Scott v. Cain*, 364 F. App'x 850, 854 (5th Cir. 2010).

[58] *Id.*

[59] 495 F. App'x 403, 408–09 (5th Cir. 2012).

[60] State Rec., Vol. I of IV, Minute Entry, May 25, 2012; State Rec., Vol. I of IV, Docket Entries, Sept. 28, 2011, Feb. 15, 2012, May 25, 2012.

to establish that his jury-trial waiver was invalid.[61] Accordingly, the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.

### B. *Ineffective Assistance of Trial Counsel Claim*

The Magistrate Judge found that Petitioner was not entitled to relief on his claims that his trial counsel performed ineffectively by: (1) stipulating that an expert criminalist would testify that the evidence seized tested positive for heroin; (2) failing to call a *res gestae* witness; and (3) failing to challenge the multiple offender bill.[62] Petitioner objects to the Magistrate Judge's recommendation.[63] Therefore, the Court reviews these issues *de novo*.[64]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[65] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[66] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[67] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth

---

[61] *See Adams v. United States ex rel. McCann*, 317 U.S. 269, 281 (1942); *Sowell v. Bradshaw*, 372 F.3d 821, 832 (6th Cir. 2004) ("The burden of demonstrating that a waiver of jury trial was not valid lies with the defendant who waived it").

[62] Rec. Doc. 13 at 13–20.

[63] Rec. Doc. 14 at 2–7.

[64] Fed. R. Civ. P. 72(b)(3).

[65] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[66] *Id.* at 697.

[67] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

Amendment.[68] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[69] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[70] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[71]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[72] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[73] Thus, this standard is considered "doubly deferential" on habeas corpus review.[74]

In the objections to the Report and Recommendation, Petitioner contends that defense counsel acted without his consent by stipulating that an expert criminalist would testify that the evidence seized tested positive for heroin.[75] He asserts that but for this error the State may not have been able to carry its burden of establishing an element of its case, presumably that the substance

---

[68] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[69] *See Strickland*, 466 U.S. at 689.

[70] *Id.* at 694.

[71] *Id.*

[72] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[73] *Id.*

[74] *Id.*

[75] Rec. Doc. 14 at 3.

retrieved by the police was in fact heroin.[76] As the Fifth Circuit has recognized, "[t]rial counsel's strategic decisions must be given a strong degree of deference."[77] Furthermore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[78] At trial, the defense presented a theory that the heroin was not Petitioner's but instead belonged to another individual. Petitioner implies that the State would not have been able to prove an essential element of its case without the stipulation. However, even without the stipulation, the State presumably would have offered testimony from the criminalist who tested the substance that it was in fact heroin. Therefore, Petitioner has not established that he was prejudiced by defense counsel's decision to enter the stipulation.

Petitioner also argues that his counsel acted ineffectively by failing to call a *res gestae* witness—an employee who informed police of Petitioner's activities at the scene.[79] The Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored on post-conviction relief "because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."[80] "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have

---

[76] *Id.* at 4.

[77] *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (citing *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993)).

[78] *Id.* at 434 (quoting *Strickland*, 466 U.S. at 690).

[79] *Id.*

[80] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008)).

been favorable to a particular defense."[81] Petitioner has not shown that the witness was available and willing to testify, or that the testimony would have benefitted the defense. Therefore, Petitioner has not established that he is entitled to relief on this issue.

Finally, Petitioner contends that his counsel acted ineffectively by failing to challenge the multiple offender bill, which listed Petitioner's prior theft conviction as a felony rather than a misdemeanor.[82] The record shows that defense counsel was able to secure a favorable plea agreement, which allowed Petitioner to avoid a possible sentence as a quadruple-felony offender. Petitioner faced a maximum of 15 years imprisonment as a second-felony offender, and he received a sentence of 11 years imprisonment. Furthermore, Petitioner has not shown that the result of the proceedings would have been different if defense counsel made such an objection because the State could have issued a corrected multiple offender bill. Accordingly, the Court concludes that the state court's denial of relief on Petitioner's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, Supreme Court law.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

---

[81] *Id.*

[82] Rec. Doc. 14 at 5–6.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Gerald Stewart's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this \_\_12th\_\_ day of July, 2018.

                                                            **NANNETTE JOLIVETTE BROWN**
                                                                     **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**